O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY J. SEVERSON, | ) | NO. CV-09-5011-CAS(CT) |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING SUCCESSIVE |
| v. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| M.S. EVANS, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

### INTRODUCTION

This federal petition constitutes a successive petition subject to dismissal because there is no authorizing order from the court of appeals. 28 U.S.C. § 2244 (b) (1996).

### BACKGROUND

In 1990, a California jury convicted Timothy J. Severson ("petitioner") was of rape and associated charges. He was sentenced to a total of 88 years in state prison.

In 1993, petitioner filed a petition for writ of habeas corpus, (the "initial petition"), with this court challenging his 1990 conviction.[1] The initial petition was denied and dismissed with

---

[1] Case No. CV 93-4490-AWT(CT).

prejudice in December 1993, and on January 11, 1995, the United States Court of Appeals for the Ninth Circuit ("the circuit") affirmed the dismissal.

On July 13, 2009, petitioner filed this petition for writ of habeas corpus, challenging the same 1990 conviction and sentence. (Pet. at 5-6.)

**DISCUSSION**

**A.   Duty to Screen**

This court has a duty to screen applications for habeas corpus relief. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes; see also Calderon v. United States Dist. Court for the N. Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1109 (9th Cir. 1996) (concurring opinion).  If it plainly appears from the face of the petition and annexed exhibits that the petitioner is not then entitled to relief in the district court, the judge shall make an order for summary dismissal of the petition.  Rules Governing § 2254 Cases in the United States District Courts, Rule 4; see also Local Civil Rule 72-3.2.

**B.   Second or Successive Petitions**

Before a petitioner may file a "second or successive application" in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A second or successive petition for writ of habeas corpus filed in a district court without an authorizing order shall be dismissed.  See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 152 (2007) (where petitioner did not receive authorization from the circuit before filing his second or

1 | successive petition, district court should have dismissed for lack of
2 | jurisdiction).
3 |     Petitioner's initial federal habeas petition was denied and
4 | dismissed with prejudice on the merits.  Consequently, petitioner must
5 | obtain authorization from the circuit before filing another habeas
6 | challenge.  Because petitioner has not done so, this court lacks
7 | jurisdiction to entertain his petition.  <u>Burton v. Stewart</u>, 549 U.S. at
8 | 152; <u>see also</u> 28 U.S.C. § 2244(b)(3)(A).
9 |     ACCORDINGLY, IT IS ORDERED that this federal habeas petition be
10 | dismissed.

DATED: July 15, 2009

*/s/ Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

3